**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESSICA M. KRAMER,

        Plaintiff,

  And

DAVID GELBER,

        Plaintiff - Appellant,

  v.

TOYOTA MOTOR CORPORATION, a
Japanese corporation / a foreign
corporation, DBA Toyota Motor North
America, Inc.; TOYOTA MOTOR
SALES, U.S.A., INC., a California
corporation / a foreign corporation,

        Defendants - Appellees.

No. 13-56433

D.C. No. 8:10-ml-02172-CJC-
RNB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted October 23, 2015
Pasadena, California

---

    [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: KLEINFELD, RAWLINSON, and NGUYEN, Circuit Judges.

David Gelber appeals the district court's grant of summary judgement in favor of the defendants on claims under the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 (CLRA), the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (UCL), and breach of implied warranty under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1794. Gelber also appeals the district court's denial of class certification of all consumers who "purchased or leased a [Gen II] Prius Vehicle from an authorized Toyota dealer in the State of California and who currently own or lease such Prius vehicle[s]" under Fed. R. Civ. P. (23)(b)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We affirm the district court's grant of summary judgment, and its denial of class certification.

1. To prevail on his theories under the CLRA, the UCL, and the Song-Beverly Act in this case, Gelber needed to establish that the Gen II Prius contained a

---

[1] "To the extent that we refer here to facts contained exclusively in [documents filed under seal], we pro tanto lift the order sealing that document." United States v. Pimentel-Lopez, 2016 WL 3874414, at *4 n. 3 (9th Cir. July 15, 2016).

specific defect that rendered the product unsafe. See Daugherty v. Am. Honda Motor Co., 51 Cal. Rptr. 3d 118, 127 (Ct. App. 2006) (explaining that under the CLRA, any supposed defect must pose "safety concerns"); Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1141 (9th Cir. 2012) (holding that under the UCL, there is no duty to disclose any defect that is not contrary to any affirmative statements made by the seller and does not affect the safety of the product); Birdsong v. Apple, Inc., 590 F.3d 955, 958 (9th Cir. 2009) (rejecting claim under the Song-Beverly Act where plaintiffs did not allege that iPods were unsafe for listening to music or otherwise defective).

Gelber asserts that the Advanced Braking System of the Gen II Prius prevents the car from stopping quickly enough. Gelber cites his own near-accident and the expert testimony of Dr. Limpert in support of this theory. The district court excluded much of Dr. Limpert's testimony because he did not provide any source for his benchmark of an unsafe stopping distance. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 149–52 (1999). The district court did not abuse its discretion. Id. at 142. Because of this, and other methodological flaws in his testing, Dr. Limpert's testimony did not tend to show that the Gen II Prius is defective. Gelber's testimony also fails to demonstrate the existence of a defect.

See <u>Daugherty</u>, 51 Cal. Rptr. 3d at 129; <u>Wilson</u>, 668 F.3d at 1141–45; <u>Birdsong</u>, 590 F.3d at 962.

The district court did not err in granting summary judgement, because the cognizable evidence did not establish a genuine issue, with regard to the material issue of whether the brakes were defective. We cannot fault the district court's careful decision on the evidentiary issue and careful analysis of the evidence. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

2. We also affirm the district court's denial of class certification. Without any evidence of a common defect, there are no "common questions of law or fact" binding the proposed class together. <u>Comcast Corp. v. Behrend</u>, 133 S. Ct. 1426, 1432 (2013).

**AFFIRMED**.